UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DEBRADRE D. JACKSON,

        Petitioner,

v.

PAUL S. KEMPER,

        Respondent.

Case No. 17-cv-433-pp

---

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2) AND SCREENING PETITION (DKT. NO. 1).**

---

Debradre D. Jackson filed a *pro se* petition for a writ of *habeas corpus* pursuant to 28 U.S.C. §2254. Dkt. No. 1. He also filed a motion for leave to proceed without prepayment of the filing fee, along with his prisoner trust fund account statement. Dkt. Nos. 2, 5.

**I.    Motion for Leave to Proceed Without Prepaying the Filing Fee**

Under 28 U.S.C. §1915, an indigent litigant may file a petition for *habeas corpus* relief without paying the required costs and fees if he files an affidavit stating that he does not have the ability "to pay such fees or give security therefor," and stating "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. §1915(a)(1). Because the filing fee for a petition for *habeas corpus* is only $5.00,[1] it is rare for this court

---

[1] 28 U.S.C. §1914(a)

1

to conclude that a petitioner does not have sufficient income or assets to pay the fee.

In this case, the petitioner's trust account activity statement shows that, as of March 30, 2017, he had a balance of $0.00. Dkt. No. 5 at 3. His average monthly balance also was $0.00. Id. Consequently, it does not appear that he can pay the filing fee. The court will grant the petition to proceed without prepayment of fees and costs. Dkt. No. 2.

## II. Screening the Petition

### A. Facts

On December 10, 2014, the petitioner was convicted in Milwaukee County Circuit Court of substantial battery, repeat offender. Dkt. No. 1 at 2. The circuit court sentenced him to three years of initial confinement and two years of extended supervision, for a total sentence of five years. Id. The Wisconsin Court of Appeals affirmed his conviction, and the Wisconsin Supreme Court denied his petition for review. Id. at 3. He also pursued a post-conviction motion under Wis. Stat. §974.06, which the circuit court denied on November 28, 2016. Id. at 4.

The petitioner filed this federal *habeas* petition on March 24, 2017. Dkt. No. 1. The petitioner alleges three grounds of relief. Id. at 6-8. In Ground One, he argues that the trial court violated his Sixth Amendment confrontation clause rights when it admitted a recording of a 911 call; he argues that he was not able to cross-examine the caller. Id. at 6. In Ground Two, the petitioner alleges insufficiency of the evidence; he indicates that the only evidence that he

was the perpetrator was the 911 call, and that it was not sufficient to identify him. Id. at 7. In Ground Three, the petitioner asserts that his Fifth Amendment due process rights were violated because no one identified him as the perpetrator of the offense. Id. at 8.

    B.    Analysis

Rule 4 of the Rules Governing §2254 Proceedings states:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

The screening court must allow a *habeas* petition to proceed unless it is clear to the court that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view on the merits of any of the petitioner's claims; the court considers only whether the petitioner has stated claims of a type that are generally cognizable on *habeas* review.

The Sixth Amendment's Confrontation Clause guarantees a criminal defendant the right to be confronted with the witnesses against him. The petitioner argues that by admitting the recording of the 911 call at his trial, the trial court denied him that right. Without considering the merits of that claim, the court finds that it is the kind of claim that is cognizable on *habeas* review.

The petitioner next alleges that the state did not present sufficient evidence to support his conviction. The Supreme Court has held that "a state prisoner who alleges that the evidence in support of his state conviction cannot

3

be fairly characterized as sufficient to have led a rational trier of fact to find guilt beyond a reasonable doubt has stated a federal constitutional claim." Jackson v. Virginia, 443 U.S. 307, 321 (1979). Without passing on the merits, the court will allow the petitioner to proceed on this claim.

Finally, the petitioner argues that investigators violated his due process rights under the Fifth Amendment when they did not seeks any evidence that would have identified him as the perpetrator of the battery. Without deciding whether the investigators may have violated the petitioner's due process rights, the court finds that this is a claim that is cognizable on *habeas* review.

**III.   Conclusion**

The court **GRANTS** the petitioner's motion to proceed without prepayment of the filing fee. Dkt. No. 2.

The court **ORDERS** that within **sixty (60)** days of the date of this order, the respondent shall **ANSWER OR OTHERWISE RESPOND** to the petition, complying with Rule 5 of the Rules Governing §2254 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has **forty-five (45) days** after the respondent files his answer to file his brief in support of his petition;

(2) the respondent has **forty-five (45) days** after the petitioner files his initial brief to file the respondent's brief in opposition; and

4

(3) the petitioner has **thirty (30) days** after the respondent files his opposition brief to file a reply brief, if the petitioner chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion (such as a motion to dismiss), the respondent must include a brief and other relevant materials in support of the motion. The petitioner then must file a brief in opposition to that motion within **forty-five (45) days** of the date the respondent files the motion. If the respondent chooses to file a reply brief, he must do so within **thirty (30) days** of the date the petitioner files the opposition brief.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the habeas petition and any dispositive motions shall not exceed **thirty (30)** pages, and reply briefs may not exceed **fifteen (15)** pages, not counting any statements of facts, exhibits and affidavits.

Under the Memorandum of Understanding between the Attorney General and this court, the Attorney General for the State of Wisconsin and Paul Kemper, Warden of the Racine Correctional Institution, will receive copies of the petition and this order electronically.

Dated in Milwaukee, Wisconsin this 7th day of August, 2017.

                      **BY THE COURT:**

                      **HON. PAMELA PEPPER**
                      **United States District Judge**